1  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
2  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
3  **Hyde & Swigart**
   411 Camino Del Rio South, Suite 301
4  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
5  Facsimile:  (619) 297-1022

6  Douglas J. Campion, Esq. (SBN: 75381)
   **LAW OFFICES OF DOUGLAS J. CAMPION**
7  411 Camino Del Rio South, Suite 301
   San Diego, CA 92108
8  Telephone: (619) 299-2091
   Facsimile: (619) 858-0034
9
   Attorneys for Plaintiffs
10

11

12            # UNITED STATES DISTRICT COURT

13          # SOUTHERN DISTRICT OF CALIFORNIA

14
   | ARCHIBALD VORIS, MICHAEL | CASE NO.: 06CV2253 JM RBB |
15 | IRICK, AND GREG S. BRINSON. | |
   | ON BEHALF OF THEMSELVES AND | **FIRST AMENDED CLASS ACTION** |
16 | OTHERS SIMILARLY SITUATED, | **COMPLAINT FOR DAMAGES** |
17 | | |
   | PLAINTIFFS, | **JURY TRIAL DEMANDED** |
18 | V. | |
19 | | |
   | RESURGENT CAPITAL SERVICES, | |
20 | L.P., | |
21 | | |
   | DEFENDANT. | |
22

23 //

24 //

25 //

26 //

27 //

28

1

## INTRODUCTION

2  1.  Plaintiffs Archibald Voris ("VORIS"), Michael S. Irick ("IRICK") and Greg

3  S. Brinson ("BRINSON"), collectively "Plaintiffs," by their attorneys, allege

4  on behalf of themselves and on behalf of all others similarly situated, all on

5  information and belief (except those allegations which pertain to the named

6  Plaintiffs, or to their attorneys, which are alleged on personal knowledge) as

7  follows.

8  2.  The United States Congress has found abundant evidence of the use of

9  abusive, deceptive, and unfair debt collection practices by many debt

10  collectors, and has determined that abusive debt collection practices contribute

11  to the number of personal bankruptcies, to marital instability, to the loss of

12  jobs, and to invasions of individual privacy. Congress wrote the Fair Debt

13  Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate

14  abusive debt collection practices by debt collectors, to insure that those debt

15  collectors who refrain from using abusive debt collection practices are not

16  competitively disadvantaged, and to promote consistent State action to protect

17  consumers against debt collection abuses.[1]

18  3.  The California legislature has determined that the banking and credit system

19  and grantors of credit to consumers are dependent upon the collection of just

20  and owing debts and that unfair or deceptive collection practices undermine

21  the public confidence that is essential to the continued functioning of the

22  banking and credit system and sound extensions of credit to consumers. The

23  Legislature has further determined that there is a need to ensure that debt

24  collectors exercise this responsibility with fairness, honesty and due regard for

25  the debtor's rights and that debt collectors must be prohibited from engaging

26  in unfair or deceptive acts or practices.[2]

27

28

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

4.   This is an action for statutory damages and equitable relief brought by individual consumers on their own behalf and on behalf of members of the general public to redress Resurgent Capital Services, L.P.'s ("Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

5.   Plaintiffs, through their attorneys, bring this action to challenge the actions of Defendant, with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

6.   For the purpose of the First Amended Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the defendant indicated.

### JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

8.   This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

9.   Because Defendant does business within the State of California, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11.  VORIS is a natural person who resides in the City of San Marcos, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. IRICK is a natural person who resides in the City of Aliso Viejo, County of Orange, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. BRINSON is a natural person who resides in the City of Aliso Viejo, County of Orange, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiffs are natural persons from whom a debt collector sought to collect consumer debts which were due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

15. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company operating from the City of Sioux Falls, County of Minnehaha, State of South Dakota.

16. Plaintiffs are informed and believe, and thereon allege, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Plaintiffs are informed and believe, and thereon allege, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

1          GENERAL FACTUAL ALLEGATIONS FOR VORIS

2    19. At all times relevant, VORIS was an individual residing within the State of
3          California and in the County of San Diego.

4    20. VORIS is informed and believes, and thereon alleges, that at all times relevant
5          Defendant conducted business in the State of California and in the County of
6          San Diego.

7    21. Sometime before October 6, 2005, VORIS allegedly incurred financial
8          obligations to PROVIDIAN FINANCIAL CORPORATION that were money,
9          property, or their equivalent, which is due or owing, or alleged to be due or
10         owing, from a natural person to another person and were therefore "debt(s)"
11         as that term is defined by California Civil Code §1788.2(d), and a "consumer
12         debt" as that term is defined by California Civil Code §1788.2(f).

13   22. These financial obligations were primarily for personal, family or household
14         purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.
15         §1692a(5).

16   23. Sometime thereafter, but before October 6, 2005, VORIS allegedly fell behind
17         in the payments allegedly owed on the alleged debt.

18   24. VORIS is informed and believes, and thereon alleges, that subsequently, but
19         before October 6, 2005, the alleged debt was assigned, placed, or otherwise
20         transferred, to Defendant for collection.

21   25. On or about October 6, 2006, Defendant sent, and VORIS received, a dunning
22         letter addressed to VORIS's home and in the name of Defendant.  (See
23         Plaintiff's Exhibit 1).

24   26. This letter to VORIS, sent by Defendant, was a "communication" as that term
25         is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined
26         by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with
27         15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

28         //

1

## GENERAL FACTUAL ALLEGATIONS FOR IRICK

2  27. At all times relevant, IRICK was an individual residing within the State of
3      California.

4  28. IRICK is informed and believes, and thereon alleges, that at all times relevant
5      Defendant conducted business in the State of California.

6  29. Sometime before February 10, 2006, IRICK allegedly incurred financial
7      obligations to BANK OF AMERICA that were money, property, or their
8      equivalent, which is due or owing, or alleged to be due or owing, from a
9      natural person to another person and were therefore "debt(s)" as that term is
10     defined by California Civil Code §1788.2(d), and a "consumer debt" as that
11     term is defined by California Civil Code §1788.2(f).

12 30. These financial obligations were primarily for personal, family or household
13     purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.
14     §1692a(5).

15 31. Sometime thereafter, but before February 10, 2006, IRICK allegedly fell
16     behind in the payments allegedly owed on the alleged debt.

17 32. IRICK is informed and believes, and thereon alleges, that subsequently, but
18     before February 10, 2006, the alleged debt was assigned, placed, or otherwise
19     transferred, to Defendant for collection.

20 33. On or about February 10, 2006, Defendant sent, and Plaintiff received, a
21     dunning letter addressed to IRICK's home and in the name of Defendant.
22     (See Plaintiff's Exhibit 2).

23 34. This letter to IRICK, sent by Defendant, was a "communication" as that term
24     is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined
25     by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with
26     15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

27     //
28     //

1 | **GENERAL FACTUAL ALLEGATIONS FOR BRINSON**

2   35. At all times relevant, BRINSON was an individual residing within the State of
3        California.

4   36. BRINSON is informed and believes, and thereon alleges, that at all times
5        relevant Defendant conducted business in the State of California.

6   37. Sometime before September 30, 2006, BRINSON allegedly incurred financial
7        obligations to PROVIDIAN FINANCIAL CORPORATION that were money,
8        property, or their equivalent, which is due or owing, or alleged to be due or
9        owing, from a natural person to another person and were therefore "debt(s)"
10       as that term is defined by California Civil Code §1788.2(d), and a "consumer
11       debt" as that term is defined by California Civil Code §1788.2(f).

12  38. These financial obligations were primarily for personal, family or household
13       purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.
14       §1692a(5).

15  39. Sometime thereafter, but before September 30, 2006, BRINSON allegedly fell
16       behind in the payments allegedly owed on the alleged debt.

17  40. BRINSON is informed and believes, and thereon alleges, that subsequently,
18       but before September 30, 2006, the alleged debt was assigned, placed, or
19       otherwise transferred, to Defendant for collection.

20  41. On or about September 30, 2006, Defendant sent, and BRINSON received, a
21       dunning letter addressed to BRINSON's home and in the name of Defendant.
22       (See Plaintiff's Exhibit 3).

23  42. This letter to BRINSON, sent by Defendant, was a "communication" as that
24       term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
25       defined by Cal. Civ. Code 1788.2(b), and an "initial communication"
26       consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

27       //

28       //

| 1 | **GENERAL FACTUAL ALLEGATIONS FOR ALL PLAINTIFFS** |

2    43.  On the envelope in which each Plaintiff's letter was delivered, Defendant
3         stated in large type font, "You are Pre-approved *See conditions inside." This
4         statement on the front of the envelope gave the impression that the contents of
5         the envelope were nothing more than a pre-approved credit card offer. (See
6         Plaintiff's Exhibit 4).

7    44.  By giving the impression that the envelopes contained a credit card offer
8         instead of a debt collection letter, Plaintiffs were less likely to regard the
9         envelopes as anything but "junk mail" and more likely to discard the letters
10        without opening them.

11   45.  Through the use of these envelopes, Defendant employed a false, deceptive, or
12        misleading means in connection with the collection of the alleged debt. As
13        such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and because
14        Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), Defendant also
15        violated Cal. Civ. Code § 1788.17

16   46.  The use of these envelopes also constitutes the false representation that it, and
17        the letter contained therein, were being sent by or on behalf of a credit
18        department. As such, Defendant violated Cal. Civ. Code § 1788.13(h).

19   47.  The use of these envelopes with language in large type font containing the
20        words, "You are Pre-approved *See conditions inside" also constituted the use
21        of language other than the debt collector's address on an envelope when
22        communicating with a consumer by use of the mails and is an unfair or
23        unconscionable means used in connection with the collection of the alleged
24        debt because Defendant used language on the envelope other than Defendant's
25        address.   As such, Defendant violated 15 U.S.C. §§ 1692f and 1692f(8).
26        Because Defendant violated 15 U.S.C. §§ 1692f and 1692f(8), Defendant also
27        violated Cal. Civ. Code § 1788.17.

28        //

48. In these letters to Plaintiffs, Defendant stated in large, bold type, "You Are Pre-Approved* For a new Visa Credit Card and you can reduce your debt." In addition, Defendant included a highly visible Visa credit card logo on the top right corner of the letters. (See Exhibits 1-3.) A cursory glance of the front of these letters would only confirm the implication written on the envelope that these letters had nothing to do with Plaintiffs' alleged debts, but were only pre-approved "junk mail" offers.

49. By including such language and the Visa logo, Defendant used a false, deceptive, or misleading means in connection with the collection of Plaintiffs' alleged debts. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and because Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

50. When taken in its entirety, the language used in these initial communications to Plaintiffs by Defendant weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g, and subsequently, Cal. Civ. Code 1788.17, because it attempted to limit the rights available to Plaintiffs in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating and/or implying that the communication had the sole purpose of attracting credit card-seeking consumers and if the letters were read as such, Plaintiffs would be obliged to disregard their rights regarding their alleged debts.

51. In these same letters, Defendant included the notice required pursuant to Cal. Civ. Code § 1812.700. However, the type size in which this notice was written was smaller than that used to inform Plaintiffs of their specific debts and in violation of Cal. Civ. Code § 1788 et seq.

//

//

1  52. By using this small type size on the back of the letters, Defendant employed a
2      false, deceptive, or misleading means in connection with the collection of
3      Plaintiffs' alleged debts. As such, Defendant violated 15 U.S.C. §§ 1692e and
4      1692e(10).

5                           CLASS ALLEGATIONS

6  53. Plaintiffs bring this action on their own behalf, and on behalf of all others
7      similarly situated (the Classes).

8  54. This action pleads the following class action allegations.  Plaintiffs define
9      **Class 1** as (i) all persons with addresses within the state of California (ii) who
10     were sent an initial written communication, as defined under Cal. Civ. Code
11     §1812.700 (b), which was similar or identical to Plaintiffs' Exhibits 1, 2, and
12     3 (iii) to recover a consumer debt (iv) in which this initial communication
13     failed to provide the notice prescribed by Cal. Civ. Code §1812.700 in the
14     type size required by Cal. Civ. Code § 1812.701(a) (v) which were not
15     returned undelivered by the United States Postal Service. For purposes of the
16     First Claim for Relief, the FDCPA Claim, the class period is one year prior to
17     the filing of this Complaint. For purposes of the Second Claim for Relief, the
18     RFDCPA Claim, the class period is one year prior to the filing of this
19     Complaint.

20  55. Plaintiffs define **Class 2** as (i) all persons with addresses within the United
21     States (ii) who were sent any communication, as defined under 15 U.S.C. §
22     1692f(8), (iii) to recover a consumer debt (iv) and in which this
23     communication was delivered in an envelope which included on its outside,
24     language similar or identical to that of Plaintiffs' Exhibit 4 (v) and which
25     were not returned undelivered by the United States Postal Service. For
26     purposes of the First Claim for Relief, the FDCPA Claim, the class period is
27     one year prior to the filing of this Complaint. For purposes of the Second
28     Claim for Relief, the RFDCPA Claim, the class period is one year prior to the

1 | filing of this Complaint.

2 | 56. Plaintiffs define **Class 3** as (i) all persons with addresses within the United
3 | States (ii) who were sent an initial written communication, as defined under
4 | 15 U.S.C. § 1692g, from Defendant in a form similar or identical to
5 | Plaintiffs' Exhibit 1,2, and 3 (iii) to recover a consumer debt (iv) and in
6 | which this initial written communication included language which weakened,
7 | and failed to comply with the notice required by 15 U.S.C. § 1692g (v) and
8 | which were not returned undelivered by the United States Postal Service. For
9 | purposes of the First Claim for Relief, the FDCPA Claim, the class period is
10 | one year prior to the filing of this Complaint.  For purposes of the Second
11 | Claim for Relief, the RFDCPA Claim, the class period is one year prior to the
12 | filing of this Complaint.

13 | 57. The Classes are composed of thousands of persons, the joinder of which
14 | would be impractical.  The individual identities of the individual members
15 | are ascertainable through Defendant's records or by public notice.

16 | 58. There is a well-defined community of interest in the questions of law and fact
17 | involved affecting the members of the Classes. The questions of law and fact
18 | common to the Classes predominate over questions affecting only individual
19 | class members, and include, but are not limited to, the following:

20 |     a. Whether Defendant violated the Fair Debt Collection Practices Act,
21 |        15 U.S.C. §§ 1692 et seq.;
22 |     b. Whether Defendant violated the Rosenthal Fair Debt Collection
23 |        Practices Act, Cal. Civ. Code §§ 1788 et seq.;
24 |     c. Whether the Classes are entitled to the remedies available to Plaintiffs
25 |        in the FDCPA;
26 |     d. Whether the Classes are entitled to the remedies available to Plaintiffs
27 |        in the RFDPCA;
28 |     e. Whether the Classes are entitled to declaratory relief;

1        f.  Whether the Classes are entitled to injunctive relief;

2        g.  Whether the Classes are entitled to an award of reasonable attorneys'

3            fees and costs of suit pursuant to the FDCPA;

4        h.  Whether the Classes are entitled to an award of reasonable attorneys'

5            fees and costs of suit pursuant to the RFDCPA; and

6        i.  Whether the Classes are entitled to any other remedies.

7   59.  Plaintiffs will fairly and adequately protect the interests of the class.

8   60.  Plaintiffs have retained counsel experienced in handling class claims and

9       claims involving unlawful collection practices.

10  61.  Plaintiffs' claims are typical of the claims of the Classes, which all arise from

11      the same operative facts involving unlawful collection practices.

12  62.  A class action is a superior method for the fair and efficient adjudication of

13      this controversy.  Class-wide damages are essential to induce Defendant to

14      comply with Federal and State Law.  The interest of class members in

15      individually controlling the prosecution of separate claims against Defendant

16      is small because the maximum statutory damages in an individual FDCPA

17      action are $1,000.00 and an additional $1,000.00 under the RFDCPA.

18      Management of these claims are likely to present significantly fewer

19      difficulties than those presented in many class claims, e.g. securities fraud.

20  63.  Defendant has acted on grounds generally applicable to the class, thereby

21      making appropriate final declaratory relief with respect to the class as a

22      whole.

23  64.  Plaintiffs request certification of a hybrid class combining the elements of

24      Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

25       **FIRST CLASS CLAIM FOR CLASS ACTION RELIEF – FDCPA**

26  65.  Plaintiffs, on behalf of themselves and the Classes they seek to represent,

27      repeat, re-allege, and incorporate the foregoing paragraphs.

28   //

1  66. Defendant violated 15 U.S.C. § 1692 et seq., including, but not limited to, the
2      violations mentioned herein.

3    **SECOND CLASS CLAIM FOR CLASS ACTION RELIEF – RFDCPA**

4  67. Plaintiffs, on behalf of themselves and the Classes they seek to represent,
5      repeat, re-allege, and incorporate paragraphs 1 through 52.

6  68. Defendant violated Cal. Civ. Code § 1788.17, which requires "every debt
7      collector collecting or attempting to collect a consumer debt shall comply
8      with the provisions of Sections 1692b to 1692j" of Title 15 United States
9      Code (FDCPA).

10 69. Defendant violated Cal. Civ. Code § 1788 et seq., including, but not limited
11     to, the violations mentioned herein.

12                          **PRAYER FOR RELIEF**

13     **WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly
14 situated, respectfully prays that judgment be entered against the Defendant for the
15 following:

16   A.   That the Classes as defined herein be certified.

17   B.   An award of statutory damages of $1,000.00 for each and every
18        Plaintiff and each Class member, pursuant to 15 U.S.C. §
19        1692k(a)(2)(A), against each and every Defendant.

20   C.   An award of costs of litigation and reasonable attorney's fees, pursuant
21        to 15 U.S.C. § 1692k(a)(3).

22   D.   Declaratory judgment that Defendant's conduct violated the FDCPA.

23   E.   An award of statutory damages of $1,000.00 for each and every
24        Plaintiff and each Class member, pursuant to California Civil Code §
25        1788.30(b), against each and every Defendant.

26   F.   An award of costs of litigation and reasonable attorney's fees, pursuant
27        to California Civil Code § 1788.30(c).

28   G.   Declaratory judgment that Defendant's conduct violated the RFDCPA.

1    H.    For such other and further relief as may be just and proper.

2                            **TRIAL BY JURY**

3        Pursuant to the seventh amendment to the Constitution of the United States of

4    America, Plaintiff is entitled to, and demands, a trial by jury.

5

6    Dated: November 1, 2006                **HYDE & SWIGART**

7

8

9                                           By: _____

10                                              Robert L. Hyde, Esq.
                                                411 Camino Del Rio South, Ste. 301
11                                              San Diego, CA 92108
                                                Telephone:  (619) 233-7770
12                                              Facsimile:   (619) 330-4657

13

14   Dated: November 1, 2006                **LAW OFFICES OF DOUGLAS**
                                            **J. CAMPION**
15

16

17

18                                          By: _____

19                                              Douglas J. Campion, Esq.
                                                411 Camino Del Rio South, Ste. 301
20                                              San Diego, CA 92108
                                                Telephone: (619) 299-2091
21                                              Facsimile: (619) 858-0034

22

23

24

25

26

27

28

**You Are Pre-Approved***

For a new Visa Credit Card

and you can reduce your debt by **$139.66**

*Resurgent Capital Services, L.P.*

P.O. Box 5025
Sioux Falls, SD 57117-5025

See reverse side for information on this offer including

RATE, FEE, OTHER COST INFORMATION AND PRE-APPROVED* TEF

Invitation Code: 010635583



Cards issued through Plains Commerce Bank,
Hoven, South Dakota. Member FDIC

ARCH VORIS
420 SMILAX RD APT 56
SAN MARCOS CA 92078-6109

A244
EO45

Arch,

**Good news!** Resurgent Capital Services, L.P. ("Resurgent") is expanding the options available to you to resolve your debt. LVNV Funding LLC purchased the debt you originally owed to Providian Financial Corp (original account number 5409790400836229). As of the date of this letter, the balance you owe on your debt is $1739.66. This debt remains seriously past due.

The **good news** Arch is that Resurgent is offering you an exciting opportunity to resolve this debt. Arrangements have been made for you to obtain a Pre-Approved* Visa credit card. You can pay your $1739.66 debt in full by balance transferring $1600.00 of your debt to a new Visa credit card, and when your credit card is issued, the remaining $139.66 will be forgiven. (Additional details regarding this credit card offer are on the back side of this mailer).

**Call Resurgent at 1-866-206-9770 or fill out and return the REPLY CARD to sign up for your new Visa credit card.**

If you are not interested in obtaining a Visa credit card to pay your debt but would like to set up a cash repayment plan instead, please call Capital Management Service, Inc. toll free at 1-866-843-8102 Mon-Thu: 8am-11pm; Fri: 8am-10pm; Sat: 8am-4pm; Sun: 9am-1pm Eastern Time.

Unless you notify Resurgent within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Resurgent will assume this debt is valid. If you notify Resurgent in writing within 30 days of receiving this notice, Resurgent will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request Resurgent in writing within 30 days after receiving this notice, Resurgent will provide you with the name and address of the original creditor, if different from the current creditor.

Your credit card will not be issued until after the 30 day period mentioned above has expired. If you apply for the credit card and dispute or request information regarding your debt during the 30 day period, Resurgent will process your dispute or request for information as required by law. Subsequently, upon your request, Resurgent will process your credit card application if permitted by applicable law and the terms of this offer.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

**\*PRE-APPROVED TERMS:** To obtain a new Visa credit card from Plains Commerce Bank, you authorize the payment of your debt in full by balance transferring $1600.00 of your debt to the new credit card. The offer of this Plains Commerce Bank Visa credit card is subject to the following conditions: (1) you must be at least 18 years of age; (2) you must be a United States resident with a valid Social Security number; (3) your debt must not have been previously discharged through bankruptcy and you must not currently be in bankruptcy proceedings; (4) you have not already been approved for a credit card under this program or made payment arrangements with another party concerning this debt; and (5) verification of the information you provide in your application.

**This credit card offer expires on and may not be valid after 12/18/2005. (approximately 40 days following your receipt of this notice)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**REPLY CARD**

By signing below, I am acknowledging that I have read both sides of this mailer and that I am applying for a Visa credit card issued by Plains Commerce Bank. I represent that I meet the Pre-Approved* terms set forth above on this mailer. I authorize the payment of my debt in full by balance transferring $1600.00 of my debt to the new credit card. I understand that my new Visa credit card will not have any available credit upon issuance. I agree to the terms and conditions of the Credit Account Agreement, including arbitration, which will be sent to me.

**CUSTOMER INFORMATION**
**ARCH VORIS**
**420 SMILAX RD APT 56**
**SAN MARCOS CA 92078-6109**

DATE OF BIRTH

SOCIAL SECURITY NUMBER

*Plaintiff's Exhibit*

HOME PHONE
( )

HYDE & SWIGART
619-233-7770

**WE MUST OBTAIN YOUR HOME ADDRESS.** If the address above is incorrect, or a business address, please provide your home street address.

*Resurgent Capital Services, L.P.*

P.O. Box 5025
Sioux Falls, SD 57117-5025

# You Are Pre-Approved*

### For a new Visa Credit Card

### and you can reduce your debt by $2063.55

See reverse side for information on this offer including

RATE, FEE, OTHER COST INFORMATION AND PRE-APPROVED* TE

Invitation Code: 012295289

MICHAEL S IRICK
27662 ALISO CREEK RD APT 2316
ALISO VIEJO CA 92656-3883

A713
KX79



Cards issued through Plains Commerce Bank,
Hoven, South Dakota. Member FDIC

Michael,

**Good news!** Resurgent Capital Services, L.P. ("Resurgent") is expanding the options available to you to resolve your debt. LVNV Funding LLC purchased the debt you originally owed to Bank of America (original account number 1308090900537235). As of the date of this letter, the balance you owe on your debt is $7063.55. This debt remains seriously past due.

The **good news** Michael is that Resurgent is offering you an exciting opportunity to resolve this debt. Arrangements have been made for you to obtain a Pre-Approved* Visa credit card. You can pay your $7063.55 debt in full by balance transferring $5000.00 of your debt to a new Visa credit card, and when your credit card is issued, the remaining $2063.55 will be forgiven. (Additional details regarding this credit card offer are on the back side of this mailer).

**Call Resurgent at 1-866-206-9770 or fill out and return the REPLY CARD to sign up for your new Visa credit card.**

If you are not interested in obtaining a Visa credit card to pay your debt, you can contact us to set up a cash repayment plan for your debt.

**Unless you notify Resurgent within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Resurgent will assume this debt is valid. If you notify Resurgent in writing within 30 days of receiving this notice, Resurgent will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request Resurgent in writing within 30 days after receiving this notice, Resurgent will provide you with the name and address of the original creditor, if different from the current creditor.**

Your credit card will not be issued until after the 30 day period mentioned above has expired. If you apply for the credit card and dispute or request information regarding your debt during the 30 day period, Resurgent will process your dispute or request for information as required by law. Subsequently, upon your request, Resurgent will process your credit card application if permitted by applicable law and the terms of this offer.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

**\*PRE-APPROVED TERMS:** To obtain a new Visa credit card from Plains Commerce Bank, you authorize the payment of your debt in full by balance transferring $5000.00 of your debt to the new credit card. The offer of this Plains Commerce Bank Visa credit card is subject to the following conditions: (1) you must be at least 18 years of age; (2) you must be a United States resident with a valid Social Security number; (3) your debt must not have been previously discharged through bankruptcy and you must not currently be in bankruptcy proceedings; (4) you have not already been approved for a credit card under this program; (5) you have not made additional payments or set up payment arrangements on this debt; and (6) verification of the information you provide in your application.

**This credit card offer expires on and may not be valid after 03/09/2006. (approximately 40 days following your receipt of this notice)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### REPLY CARD

By signing below, I am acknowledging that I have read both sides of this mailer and that I am applying for a Visa credit card issued by Plains Commerce Bank. I represent that I meet the Pre-Approved* terms set forth above on this mailer. I authorize the payment of my debt in full by balance transferring $5000.00 of my debt to the new credit card. I understand that my new Visa credit card will not have any available credit upon issuance. I agree to the terms and conditions of the Credit Account Agreement, including arbitration, which will be sent to me.

**CUSTOMER INFORMATION**
**MICHAEL S IRICK**
**27662 ALISO CREEK RD APT 2316**
**ALISO VIEJO CA 92656-3883**

**WE MUST OBTAIN YOUR HOME ADDRESS. If the address above is incorrect, or a business address, please provide your home street address. DO NOT USE THIS REPLY CARD if you need to change any of the CUSTOMER INFORMATION. Call us at 1-866-206-9770 and we will process**

DATE OF BIRTH

HOME PHONE
( )   -

SIGNATURE:

SOCIAL SECURITY NUMBER



DATE:

BCE1 BRE2 RNR3

**Resurgent Capital Services, L.P.**

P.O. Box 5025
Sioux Falls, SD 57117-5025

## You Are Pre-Approved*
### For a new Visa® Credit Card
### and you can reduce your debt by **$670.35**

See reverse side for information on this offer including

RATE, FEE, OTHER COST INFORMATION AND PRE-APPROVED* TERMS

Invitation Code: 017722247

*A-03-A57-CM-17225

GREG S BRINSON
27662 ALISO CREEK RD APT 2316
ALISO VIEJO CA 92656-3883



Cards issued through Plains Commerce Bank,
Hoven, South Dakota. Member FDIC

Greg,

**Good news!** Resurgent Capital Services, L.P. ("Resurgent") is expanding the options available to you to resolve your debt. **LVNV Funding, LLC** purchased the debt you originally owed to Providian Financial Corp (original account number 4479412625406047). As of the date of this letter, the balance you owe on your debt is $4440.35. This debt remains seriously past due.

The **good news** Greg is that Resurgent is offering you an exciting opportunity to resolve this debt. Arrangements have been made for you to obtain a Pre-Approved* Visa credit card. You can pay your $4440.35 debt in full by balance transferring $3770.00 of your debt to a new Visa credit card, and when your credit card is issued, the remaining $670.35 will be forgiven. (Additional details regarding this credit card offer are on the back side of this mailer.)

**Call Resurgent at 1-866-206-9770 or fill out and return the REPLY CARD to sign up for your new Visa credit card.**

If you are not interested in obtaining a Visa credit card to pay your debt, you can contact us to set up a cash repayment plan for your debt.

Unless you notify Resurgent within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Resurgent will assume this debt is valid. If you notify Resurgent in writing within 30 days of receiving this notice, Resurgent will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request Resurgent in writing within 30 days after receiving this notice, Resurgent will provide you with the name and address of the original creditor, if different from the current creditor.

Your credit card will not be issued until after the 30 day period mentioned above has expired. If you apply for the credit card and dispute or request information regarding your debt during the 30 day period, Resurgent will process your dispute or request for information as required by law. Subsequently, upon your request, Resurgent will process your credit card application if permitted by applicable law and the terms of this offer.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

**\*PRE-APPROVED TERMS:** To obtain a new Visa credit card from Plains Commerce Bank, you authorize the payment of your debt in full by balance transferring $3770.00 of your debt to the new credit card. The offer of this Plains Commerce Bank Visa credit card is subject to the following conditions: (1) you must be at least 18 years of age; (2) you must be a United States resident with a valid Social Security number; (3) your debt must not have been previously discharged through bankruptcy and you must not currently be in bankruptcy proceedings; (4) you have not already been approved for a credit card under this program; (5) you have not made additional payments or set up payment arrangements on this debt; and (6) verification of the information you provide in your application.

**This credit card offer expires on and may not be valid after 11/06/2006.** (approximately 40 days following your receipt of this notice)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### REPLY CARD

By signing below, I am acknowledging that I have read both sides of this mailer and that I am applying for a Visa credit card issued by Plains Commerce Bank. I represent that I meet the Pre-Approved* terms set forth above on this mailer. I authorize the payment of my debt in full by balance transferring $3770.00 of my debt to the new credit card. I understand that my new Visa credit card will not have any available credit upon issuance. I agree to the terms and conditions of the Credit Account Agreement, including arbitration, which will be sent to me.

**CUSTOMER INFORMATION**

GREG S BRINSON
27662 ALISO CREEK RD APT 2316
ALISO VIEJO CA 92656-3883

DATE OF BIRTH

HOME PHONE

SOCIAL SECURITY NUMBER



SIGNATURE:

**WE MUST OBTAIN YOUR HOME ADDRESS.** If the address above is incorrect, or a business address, please provide your home street address. **DO NOT USE THIS REPLY CARD** if you need to change any of the **CUSTOMER INFORMATION.** Call us at 1-866-206-9770 and we will process your changes over the phone and make the requested changes.



You are
Pre-approved
*See conditions inside

PRESORTED
FIRST CLASS



PLAINTIFF'S EXHIBIT:
4
HYDE & SWIGART
(619) 233-7770