# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARCHIBALD VORIS, MICHAEL IRICK AND GREG S. BRINSON ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**RESURGENT CAPITAL SERVICES, L.P.,**<br><br>DEFENDANT. | **CASE NO.: 06-CV-2253 JM(RBB)**<br><br>**CLASS ACTION**<br><br>**PRELIMINARY APPROVAL ORDER APPROVING CONDITIONAL CLASS CERTIFICATION, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, APPROVING CLASS NOTICE AND SETTING FINAL APPROVAL HEARING**<br><br>Hearing Date: March 3, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Ruben B. Brooks<br>Courtroom: B |

## **PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the Parties' joint request for preliminary approval of a Class Settlement Agreement ("Agreement"), between Plaintiffs and Defendant Resurgent Capital Services, LP ("Resurgent"), and the Court being advised of the following premises of the proposed Class Settlement:

A. Plaintiffs and Resurgent have entered into a Class Action Settlement Agreement ("Settlement Agreement"), attached to the Joint Motion as <u>Exhibit 1</u>.

B. The Settlement Agreement is submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C. The definitions and terms set forth in the Settlement Agreement filed with the Court in support of this motion ("Settlement Agreement") are hereby incorporated in this Preliminary Approval Order.

D. Pursuant to the Settlement Agreement, Defendant agrees to certification of a class action as a Rule 23(b)(3) class with class notice by publication to the Class Members as described in the Settlement Agreement.

E. Pursuant to the Settlement Agreement, Resurgent shall provide the following relief to Plaintiffs and the Class:

1. Resurgent shall pay to the San Diego County Legal Aid Society, through Class Counsel, as a cy pres distribution on behalf of the Class the total sum of $48,568.13, which is 1% of Resurgent's net worth, the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. § 1692k(a)(2)(B).

  2. Resurgent shall pay Plaintiffs, through Class Counsel as incentive payments, the amount of $1,250 each (a total of $3,750), for their efforts in litigating this action. Resurgent shall make those payments in the time period as set forth within the Settlement Agreement.

  3. Resurgent shall be responsible for, and shall bear the costs of, Class Notice.  Resurgent shall also pay $5,000 to Gilardi & Company LLC prior to publication of the Class Notice for administration of the settlement in accordance with an agreement for same entered into between Class Counsel and Gilardi & Company LLC.  Gilardi & Company LLC is approved as the settlement administrator to provide a mechanism for responding to inquiries about the settlement as described in the published Class Notice.

  4. Pursuant to the Settlement Agreement, and subject to Court approval, Resurgent agrees to pay up to $60,270.91 for attorney's fees and costs to class counsel.

F. Pursuant to the Settlement Agreement, Plaintiffs will dismiss all claims against the Defendant upon the Court's entry of an Order of Final Approval of this settlement and the dismissal of this action.

G. Pursuant to the Settlement Agreement, Plaintiffs and each Class Member shall, as of the Effective Date, be deemed to release and discharge forever Defendant (as defined in the Settlement Agreement) from all Released Claims.  "Released Claims" means:

1
2
3
4
5
6
7
8
9
10
11
12
13
14

For Plaintiffs, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation that they or their heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., or the California Fair Debt Collection Practices Act (or "Rosenthal Fair Debt Collection Practices Act"), California Civil Code §§ 1788-1788.32, as of the date of the Settlement Agreement, it being the intent of Archibald Voris, Michael Irick and Greg S. Brinson (all of the named Plaintiffs) to release all claims against Defendant under those Acts that were alleged, or could have been alleged, in the Litigation.

15
16
17
18
19
20
21
22
23
24

For the Class, any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation that the Class Members or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys have and/or could assert against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. or the California Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32.

25
26

This Agreement and the settlement embodied herein shall not release any debts owed by Plaintiffs or the Class, nor shall

27
28

this settlement operate as an accord and satisfaction of such debts.

For good cause shown, **IT IS HEREBY ORDERED:**

1. Solely for the purposes of this settlement, and pursuant to Rule 23, this case is certified under Fed. R. Civ. P. 23(a) and (b)(3) as a class action against Defendant by the following, hereinafter referred to as the "Class":

> All individuals in the State of California, during the Class Period, who were sent an envelope by Resurgent Capital Services, L.P. bearing the language "You are Pre-approved … *See conditions inside" on the outside of the envelope and/or a collection letter from Resurgent Capital Services, L.P. that included a pre-approved Visa credit card offer.   The Class Period is the period from October 6, 2005, to July 31, 2007.

If for any reason the settlement is terminated or is not finally approved, then (a) this preliminary approval of the Class shall be null and void, and shall not be used or referred to for any purpose in this Litigation or any other action or proceedings, and (b) all *status quo ante* rights of the parties, including (i) Plaintiffs' right to seek certification of this action as a class action and Resurgent's right to oppose certification, and (ii) the parties' rights assert all other

defenses, rights, and positions, shall in all respects be unaffected and preserved.

2. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval of it. The Settlement Agreement (Exhibit 1 to the Joint Application for Preliminary Approval) is preliminarily approved.

3. For settlement purposes only, after considering the relevant factors in Fed. R. Civ. P. 23, the Plaintiffs are conditionally designated as representatives of the Class and Hyde & Swigart and the Law Offices of Douglas J. Campion are conditionally appointed as Class Counsel for the Class.

4. A hearing ("Final Approval Hearing") on the settlement and the requests for fees and expenses by Class Counsel will be held before this Court on ***June 16, 2008*** at 10:00 a.m. to determine, among other things: (a) whether the proposed settlement should be approved as fair, reasonable and adequate; (b) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the release set forth in the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction barring them from filing, commencing, prosecuting, intervening in or participating in (as Class Members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Class should be finally certified; (f) the amount of attorneys' fees and costs to be awarded to Class Counsel; and (g) the amount to be awarded to Plaintiffs for their services as class representative. This hearing may be postponed, adjourned or continued by order of the Court without further notice to the Class.

5. Any papers to be filed by Class Counsel in support of their request for attorneys' fees and expenses shall be filed with the Court no later than ***May 19, 2008*** [28 days before hearing date per local rule].

6. The Court approves the proposed form of Class Notice. A Summary Notice will be published in the Union Tribune, San Francisco Chronicle, Orange County Register, Los Angeles Times, and Sacramento Bee with a distribution throughout the respective regions in California, once, by ***May 2, 2008*** (approximately sixty (60) days from the entry of this Order). A declaration shall be filed with the Court by a representative of Gilardi & Co., LLC attesting to the facts in support of such publication in compliance with this Order. Defendant shall pay forthwith Gilardi & Co., LLC the sum of $5,000 for administration, payable through Class Counsel. A copy of the full and complete Class Notice, in the form attached to the Settlement Agreement as Exhibit C, will be displayed on the website of the claims administrator, Gilardi & Co., LLC.

7. The Court finds publication of the Class Notice and the other measures specified above is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

8. Class Members shall have until ***June 6, 2008***, which is at least thirty-five (35) days from the date of the last date of publication of the Class Notice, to opt out or object to the proposed settlement. Any Class Members who desire to exclude themselves from the action must mail a request for exclusion to Class Counsel postmarked by that date, stating the Class Member's full name, address and telephone number; containing the Class Member's original signature; and unequivocally stating the Class Member's intent to be excluded from the Class and the settlement. Any Class Member who properly requests exclusion will have no standing to object to the

settlement or to seek to intervene in the Litigation. On or before the Final Approval Hearing, Class Counsel shall create and file with the Court a comprehensive list of Class Members who have successfully requested exclusion from the Class.

9. Any Class Member who wishes to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Southern District of California, and serve copies of the objection on counsel for Plaintiffs postmarked by ***June 6, 2008***, a date which is at least thirty-five (35) days from the date of the last date of publication of the Class Notice. To be valid, the objection must (a) set forth the objector's full name, current address, and telephone number; (b) contain the objector's original signature; (c) state that the objector objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the objection; and (e) provide copies of any documents that the objector wishes to submit in support of their position. Objections that are not timely filed with the Court and sent to Class Counsel, and/or are otherwise invalid, will not be considered by the Court.

10. Any Class Member who wishes to intervene in the Litigation or seek other relief from the Court must file with the Court, and contemporaneously serve on Class Counsel an appropriate motion or application, together with all supporting pleadings or documentation, on or before ***June 6, 2008***, a date which is at least thirty-five (35) days from the date of the last date of publication of the Class Notice.

11. In the event that (i) the Settlement Agreement is terminated pursuant to its terms, or (ii) the Settlement Agreement is not approved at the Final Approval Hearing, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the Litigation shall

|   |   |
|---|---|
| 1 | proceed as though a Settlement Agreement had never been reached; (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; (d) nothing in this Order shall be construed or used as an admission, concession or declaration by or against Defendant, of any fault, wrongdoing, breach or liability; (e) this Order shall not be construed by or against the Plaintiffs or Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have; (f) this Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if this Litigation was to be litigated rather than settled.  In the event of (i) or (ii) in this paragraph, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied. |

12.  Neither the Settlement Agreement, this Preliminary Approval Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind or any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

DATE: March 4, 2008

By: /s/ Ruben Brooks
Hon. Ruben B. Brooks
Magistrate Judge of the
U.S. District Court

PRELIMINARY APPROVAL ORDER APPROVING CONDITIONAL CLASS CERTIFICATION AND GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT         06-CV-2253 JM(RBB)