# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARCHIBALD VORIS, MICHAEL IRICK AND GREG S. BRINSON ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,**<br><br>         PLAINTIFFS,<br>V.<br><br>**RESURGENT CAPITAL SERVICES, L.P.,**<br><br>         DEFENDANT. | **CASE NO.: 06-CV-2253 JM(RBB)**<br><br><br>**FINAL ORDER AND JUDGMENT**<br><br>Hearing Date:    June 16, 2008<br>Time:            10:00 a.m.<br>Courtroom:       B<br><br>Judge:    Hon. Ruben B. Brooks |

# FINAL ORDER AND JUDGMENT

1        1.  On March 4, 2008, this Court preliminarily approved the Class Action Settlement Agreement ("Settlement Agreement") reached between Plaintiffs and Defendant Resurgent Capital Services, LP ("Resurgent").  At the Preliminary Approval hearing, the Court approved a form of notice for publishing to the class.  Resurgent, through counsel, has filed the Declaration of Alan Vasquez Re: Publication of Summary Notice  with the Court stating the Notice of Class Action Settlement (the "Settlement Notice") was published as ordered by the Court in the Preliminary Approval Order.  The Court is informed through that declaration that published notice occurred as follows: The Summary Notice was published on April 24, 2008 in the Los Angeles Times, the San Francisco Chronicle, the San Diego Tribune, the Sacramento Bee and the Orange County Register.

       2.  As set forth in the declaration of Class Counsel, no class member requested exclusion and no objections were filed or received.

       3.  Pursuant to the Notice of Filing of Notification Required by 28 U.S.C. §1715, filed by Resurgent in this matter, notice of the class settlement was sent with accompanying exhibits on February 12, 2008 to the appropriate state and federal officials.

       4.  Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this court certifies the Settlement Class that it approved in the Preliminary Approval Order, as follows:

> All individuals in the State of California, during the Class Period, who were sent an envelope sent by Resurgent Capital Services, L.P. bearing the language "You are Pre-approved … *See conditions inside" on the outside of the envelope and/or a collection letter from

Resurgent Capital Services, L.P. that included a pre-approved Visa credit card offer.   The Class Period is the period from October 6, 2005, to July 31, 2007.

If for any reason the events in paragraph 16 of this Order occur, then (a) this final approval of the Settlement Class shall be null and void, and shall not be used or referred to for any purpose in this Litigation or any other action or proceedings, and (b) all *status quo ante* rights of the parties, including (i) Plaintiffs' right to seek certification of this action as a class action and Resurgent's right to oppose certification, and (ii) the parties' rights to assert all other defenses, rights, and positions, shall in all respects be unaffected and preserved.

5.   On June 16,  2008, the Court held a Final Approval Hearing to which class members, including any with objections, were invited.  No class members, or their counsel, appeared in person at the Final Approval Hearing to offer argument about the settlement.  No appropriate state or federal officials, as those terms are defined in 28 U.S.C. §1715, appeared at the Final Approval Hearing.

6.   The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.   The Court has determined that, as to the Settlement Class, the Litigation meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure, and that Plaintiffs and Plaintiffs' Counsel are adequate representatives of the Settlement Class.

7.   Resurgent verified to the satisfaction of Class Counsel that 1% of its net worth, as of September 30, 2007, is $48,568.13.   One percent (1%) of Resurgent's net worth is the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. § 1692k(a)(2)(B).

8.   The definitions and terms set forth in the Settlement Agreement filed as Exhibit A in support of the Joint Motion for Preliminary Approval are hereby incorporated in this Final Order and Judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.   Because there have been no objections filed and no requests for exclusions submitted, it is not necessary for the Court to rule on any such objections nor exclude any person requesting to be excluded from the Settlement. The Court grants the parties' request for final approval of the Settlement Agreement.   In addition to the other factors stated herein, the Court finds the Settlement Agreement to be fair, adequate and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

10. In certifying this action as a class action for purposes of this settlement, the Court found and finds that:  (1) the members of the Class are so numerous that joinder of all class members in this action is impracticable; (2) there are questions of law and fact common to the members of the Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; (4) the representative parties and their counsel have fairly and adequately protected the interests of the Class; (5) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; (6) a class action was and is superior to other available methods for the fair and efficient adjudication of the controversy, considering, *inter alia*, (a) the interest of members of the Class in individually controlling the prosecution or defense of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Class, (c) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action.

11. The Court finds that the settlement is fair and reasonable to all parties, including the Plaintiffs and all members of the Settlement Class, and hereby approves the Settlement Agreement submitted by the parties, including the release, and orders:

A. Resurgent shall pay to the San Diego County Legal Aid Society, through Plaintiffs' counsel, as a *cy pres* distribution on behalf of the Class, the total sum of $48,568.13, which Resurgent represents is 1% of its net worth. This is the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. § 1692k(a)(2)(B).

B. Resurgent shall pay Plaintiffs, through Plaintiffs' counsel, as incentive payments, the amount of $1,250 each (a total of $3,750), for their efforts in litigating this action. Resurgent shall make those payments in the time period as set forth within the Settlement Agreement.

C. After review and consideration of the moving papers in support of the Plaintiffs' counsel's request for confirmation of the agreement between the parties for payment of attorneys' fees and costs, the Court hereby approves an award of such agreed-upon amount of $60,270.91 to Plaintiffs' counsel jointly as attorneys' fees and costs for their efforts in litigating this case. Resurgent shall pay those attorneys' fees and costs in the time period as set forth within the Settlement Agreement.

12. Plaintiffs and the members of the Class grant Defendant (as defined in the Settlement Agreement) the following release, which is also set forth in the Settlement Agreement:

A. Each Class Member, including the Plaintiffs, on behalf of such Class Member and of any person claiming by or through such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee, shall be deemed to release and forever discharge Defendant (as that term is defined in the Settlement Agreement) from any and all of the Released Claims.

B. "Released Claims" means:

For the named Plaintiffs, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation, that they or their heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., or the California Fair Debt Collection Practices Act (or "Rosenthal Fair Debt Collection Practices Act"), California Civil Code §§ 1788-1788.32, as of the date of this Agreement, it being the intent of Archibald Voris, Michael Irick and Greg S. Brinson (all of the named Plaintiffs) to release all claims against Defendant under those Acts that were alleged, or could have been alleged, in the Litigation.

For the Class, any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation that the Class Members or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys have and/or could assert against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. or the California Fair Debt Collection Practices Act (or "Rosenthal Fair Debt Collection Practices Act") California Civil Code §§ 1788-1788.32.

This Agreement and the settlement embodied herein shall not release any debts owed by Plaintiffs or the Class, nor shall this settlement operate as an accord and satisfaction of such debts.

Each Class Member is permanently enjoined and barred from instituting or maintaining any action for the Released Claims against Defendant, whether by complaint, counterclaim, defense or otherwise, in any state or federal court, or in any agency or other authority or forum wherever located.

13. The Court finds the Settlement Agreement is fair and made in good faith.

14. The Court dismisses the claims of Plaintiffs and the Class Members against Defendant with prejudice and without costs (other than what has been provided for in the Settlement Agreement and in this Final Order and Judgment) and this dismissal shall, to the maximum extent permitted by law, operate as res judicata and collateral estoppel so as to bar any future suits under those provisions so long as they arise from or are related to the subject matter of this lawsuit during the Class Period.

15. The parties sent notice required by 28 U.S.C. §1715(b) to the appropriate state and federal officials, as defined by 28 U.S.C. §1715(a).  This Court is entering this Final Judgment more than ninety days after such officials were served, as is required by 28 U.S.C. §1715(d).

16. In the event that (i) the Settlement Agreement is terminated pursuant to its terms, or (ii) the Settlement Agreement, Preliminary Approval Order and Final Order and Judgment are reversed, vacated or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the Litigation shall proceed as though a Settlement Agreement had never been reached; (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; (d) nothing in this Order shall be construed or used as an admission, concession or declaration by or against Resurgent, or any fault, wrongdoing, breach or liability; (e) this Order shall not be construed by or against the Plaintiffs or Class Members that their claims lack merit or that the relief requested in this

Litigation is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have; (f) this Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if this Litigation was to be litigated rather than settled; provided, however, that if the parties to the Settlement Agreement agree to appeal jointly an adverse ruling and the Settlement Agreement and Final Order and Judgment are upheld on appeal in all material respects, then the Settlement Agreement and Final Order and Judgment shall be given full force and effect.  In the event of (i) or (ii) in this paragraph, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

17. Neither the Settlement Agreement, this Final Order and Judgment, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind or any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

18. The Court retains jurisdiction over all parties to this action for purposes of the interpretation, enforcement and implementation of the Settlement Agreement and this Final Order and Judgment.

DATE: June 17, 2008          By: _____

Hon. Ruben B. Brooks
Magistrate Judge of the
U.S. District Court